UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARLON MOSQUERA                                                                                            PETITIONER

V.                                                                                  CIVIL ACTION NO. 3:25-CV-487-DPJ-ASH

UNITED STATES OF AMERICA AND
WARDEN UNKNOWN CHILDRESS                                                              REPONDENTS

ORDER

Petitioner Marlon Mosquera, a prisoner incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, filed this habeas petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' denial of credits under the First Step Act. On November 10, 2025, United States Magistrate Judge Andrew S. Harris entered a Report and Recommendation [10], recommending that the petition be dismissed without prejudice for failure to exhaust. R&R [10] at 2–5. Mosquera filed an Objection [11], and the Respondents filed a Response [12].

In his Objection, Mosquera reasserts arguments he made in his Petition [1] as to exhaustion, both of which Judge Harris rejected. First, Mosquera says "Congress has not mandated administrative exhaustion for Federal Habeas Corpus for petitions under 28 U.S.C. § 2241." Obj. [11] at 1; *see* Pet. [1] at 4 (same). As Judge Harris correctly pointed out, "it is well-settled in the Fifth Circuit that '[a] federal prisoner *may not seek* § 2241 relief in connection with the execution of his sentence unless he first exhausts the administrative remedies made available by the Bureau of Prisons.'" R&R [10] at 3 (quoting *Williams v. Willis*, 765 F. App'x 83, 83 (5th Cir. 2019) (alteration and emphasis in R&R)).

Second, Mosquera again argues that the Bureau of Prisons' administrative remedy process will result in undue delays. Obj. [11] at 3; *see* Pet. [1] at 5 (same). Again, Judge Harris properly rejected this argument. R&R [10] at 4. "The fact that it takes time to exhaust

administrative remedies does not excuse a prisoner from initiating and completing the process. Indeed, the United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies." *De La Garza Salinas v. Warden*, No. 3:24-CV-662-KHJ-MTP, 2025 WL 1297674, at *2 (S.D. Miss. Apr. 9, 2025), *report and recommendation adopted*, 2025 WL 1296185 (S.D. Miss. May 5, 2025); *see* R&R [10] at 4.  The Court agrees with Judge Harris; Mosquera has not met his burden to show he should be excused from exhausting.

IT IS ORDERED that the Report and Recommendation [10] of United States Magistrate Judge Andrew S. Harris is adopted as the finding and holding of this Court.  Consistent with the Report and Recommendation, Mosquera's petition [1] is dismissed without prejudice.

A separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 18th day of December, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE